SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ESTATE OF RANDI LYN WALLACE,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>SUPERTEL LIMITED PARTNERSHIP, D/B/A<br>TERRE HAUTE SUPER 8 MOTEL,<br>    *Defendant*. | )<br>)<br>)<br>)   2:14-cv-00005-JMS-WGH<br>)<br>)<br>)<br>) |

## **ORDER**

On November 18, 2013, Defendant removed this action to this Court. [Dkt. 1.] Defendant did so alleging that this Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. [*Id.*] The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed the docket, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

Based on Defendant's allegations, it is unclear whether diversity of citizenship or the amount in controversy is met. In its Notice of Removal, Defendant alleges that it "is not a citizen of Indiana" because it is a "Virginia limited partnership and none of the partners . . . are citizens of Indiana." [Dkt. 1 at 2 ¶ 4.] As to the amount in controversy, Defendant notes Plaintiff's allegation that Defendant's negligence resulted in the death of Randi Wallace, and therefore Defendant alleges that "[t]he undersigned counsel has a good faith belief that the amount in controversy exceeds $75,000." [*Id.* at 2 ¶ 5.]

Defendant's allegations regarding its citizenship and the amount in controversy are insufficient to demonstrate that diversity jurisdiction is proper. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner" and "must be traced through however many layers of partners or members there may

be." *Hart v. Terminex Int'l*, 336 F.3d 541, 542-43 (7th Cir. 2003). Moreover, asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

Regarding the amount in controversy, Defendant fails to assert that the alleged amount is "exclusive of interest and costs." 28 U.S.C. § 1332 (requiring that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs"). Moreover, as the proponent of federal jurisdiction, the burden rests with Defendant to show by a preponderance of the evidence facts that suggest the Court has diversity jurisdiction, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), and a mere belief is insufficient, *America's Best Inns, Inc. v. Best Inns of Abilene, LP*, 980 F.2d 1072, 1074 (7th Cir. 1992). The Court recognizes that Defendant sets forth a factual basis for this belief, which may well be accurate, but because the parties must confer regarding other jurisdictional issues, the Court will require a showing that there is a factual basis for the amount in controversy predicated on more than belief.

For all of these reasons, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter. Accordingly, the Court **ORDERS** the parties to file a joint jurisdictional statement by **January 27, 2014**, certifying the parties' citizenship and that the amount in controversy, exclusive of interest and costs, exceeded $75,000 at the time of removal. If the parties cannot agree on the parties' citizenship, the amount in controversy, or any other jurisdictional requirement, they are ordered to file competing jurisdictional statements by that

date setting forth their positions.  A compliant statement will relieve Plaintiff of his obligations under Local Rule 81.1.

01/13/2014

                                            Hon. Jane Magnus-Stinson, Judge
                                            United States District Court
                                            Southern District of Indiana

**Distribution via ECF:**

Keith Logan Johnson
JOHNSON LAW OFFICE
keithjohnsonlaw@aol.com

Paul Thomas Belch
TRAVELERS STAFF COUNSEL
pbelch@travelers.com